IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LARRY MEDCALF and BRENDA MEDCALF,
Plaintiffs,

-vs-                                                          Case No. A-14-CA-096-SS

OCWEN LOAN SERVICING LLC; INDYMAC
BANK, FSB; and ONEWEST BANK, FSB,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Ocwen Loan Servicing LLC and OneWest Bank, FSB's Motion to Dismiss [#16], Plaintiffs Larry Medcalf and Brenda Medcalf's Response [#17], Defendants' Reply [#18], and Defendants' Notice of Supplemental Authority [#20]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

### Background

The Medcalfs bring this suit wielding the Texas Constitution as their weapon. They contend the Texas Constitution creates a trap for unwary mortgage lenders foolish enough to agree to modify their customers' home equity loans—thus allowing those customers to (hopefully) make their mortgage payments and remain in their homes—without essentially originating a new loan and complying with the strictures of Article XVI, Section 50. According to the Medcalfs, the Defendants'

failure to comply with Section 50 entitles the Medcalfs to ownership of their home free and clear of their mortgage lien.

The basic facts are straightforward. The Medcalfs purchased the real property located at 13305 Evergreen Way, Austin, Texas 78737 in 2007. The purchase was financed by a Note secured by a Deed of Trust in favor of the original lender, IndyMac Bank, FSB.[1] At some point the Medcalfs defaulted on the mortgage. Seeking to retain possession of the property, they entered into a loan modification agreement which capitalized some $54,696.70 in arrearages and thereby increased the principal balance of the loan. It is somewhat unclear what progress the Medcalfs made under the modified loan agreement, but OneWest Bank, FSB obtained an order authorizing foreclosure pursuant to Texas Rule of Civil Procedure 736 on September 3, 2013.

The Medcalfs filed this suit in Texas state court on January 6, 2014, and it was promptly removed to this Court on the basis of diversity jurisdiction. In their Amended Complaint [#11], the Medcalfs assert the following causes of action: (1) violations of Texas Constitution article XVI, section 50; (2) "void foreclosure;" (3) "invalid 736 Order"; and (4) violation of Texas's fraudulent presentment statute, Texas Civil Practice and Remedies Code section 12.002. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## Analysis

### I.     Motion to Dismiss—Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for

---

[1] IndyMac is apparently a division of its parent company, OneWest Bank, FSB.

"failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

The crux of the Medcalfs' case is that the loan modification agreement they entered into is actually what the Texas Constitution refers to as an "extension of credit." As an extension of credit,

so the argument goes, the modification agreement must comply with numerous restrictions placed on the origination of home equity loans. This Court previously dismissed a similar suit styled as a class action seeking free houses for thousands of homeowners who entered into modifications in order to save their houses from foreclosure. *Hawkins v. JPMorgan Chase Bank, N.A.*, No. A-12-CA-892-SS, 2013 WL 443954, at *1 (W.D. Tex. Jan. 29, 2013). A similar case filed in the Northern District of Texas was also dismissed a few months before this Court rendered its decision in *Hawkins*. *See Sims v. Carrington Mortg. Servs., LLC*, 889 F. Supp. 2d 883 (N.D. Tex. 2012), *aff'd in part, questions certified*, 538 F. App'x 537 (5th Cir. 2013) (unpublished). Most recently, the Texas Supreme Court answered the certified questions posed by the Fifth Circuit in *Sims*. *See Sims v. Carrington Mortg. Servs., L.L.C.*, No. 13-0638, 2014 WL 1998397 (Tex. May 16, 2014).

The Texas Supreme Court's unanimous opinion in *Sims* resolves this case in Defendants' favor. Stated simply, "[i]f the restructuring of a home equity loan does not involve a new extension of credit, the requirements of Section 50(a)(6) do not apply." *Id.* at *3. Summarizing the core of its holding, the court explained:

> the restructuring of a home equity loan that, as in the context from which the question arises, involves capitalization of past-due amounts owed under the terms of the initial loan and a lowering of the interest rate and the amount of installment payments, but does not involve the satisfaction or replacement of the original note, an advancement of new funds, or an increase in the obligations created by the original note, is not a new extension of credit that must meet the requirements of Section 50.

*Id.* at *4. The Texas Supreme Court has thus made clear the capitalization of past-due amounts "is not a new extension of credit under Section 50(a)(6)," nor "an 'advance of additional funds,'" and therefore loan modifications like the Medcalfs' do not violate the Texas Constitution. *Id.* at *5.

The Medcalfs' claims cannot survive in a post-*Sims* world. The modification the Medcalfs entered into did not satisfy and replace their original Note. Mot. Dism. [#16-3], Ex. C (Loan Modification Agreement), § 4F ("nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents"). It did not advance any new funds. *See Sims*, 2014 WL 1998397, at *4 (capitalization of past-due arrearages does not amount to an advance of additional funds). And it did not increase the obligations created by the original Note. *See id.* (rejecting the argument "any change in principal is a new extension of credit" as "inconsistent with Section 50"). Like the modifications at issue in *Sims* and *Hawkins*, the modification agreement the Medcalfs signed did not trigger the panoply of requirements the Medcalfs allege were violated here.

Having disposed of the Medcalfs' constitutional claims, the rest of their claims fall as derivative. First, their "void foreclosure" claim is premised on the idea the Note itself had been rendered void by the modification. It had not. Additionally, Texas law does not recognize "void foreclosure" as a cause of action, and to the extent the Medcalfs are attempting to assert a wrongful foreclosure claim they are premature because they do not allege a foreclosure has occurred or that they have been dispossessed of the property. *See Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no writ) (wrongful foreclosure claims are premised on "the disturbance of the mortgagor's possession" and "[w]here the mortgagor's possession is undisturbed, he has suffered no compensable damage"); *Wieler v. United Sav. Ass'n of Tex., FSB*, 887 S.W.2d 155, 159 n.2 (Tex. App.—Texarkana 1994, writ denied) (Texas law does not recognize "attempted wrongful foreclosure" as a cause of action). Even if a foreclosure had occurred, the Medcalfs' claims would fail because the Medcalfs have not pleaded any facts suggesting the facially valid assignment of the

Deed of Trust to Ocwen is void. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013); *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–56 (5th Cir. 2013) (foreclosing party need not hold the note in order to foreclose).

The Medcalfs' "invalid 736 order" claim seeks a declaration the order authorizing foreclosure is void because the Ocwens were unable to attend the hearing because they were attending a divorce proceeding at the same time. The Medcalfs' actions in filing this suit operated to impose an automatic stay on the Rule 736 order, and the Medcalfs were required to file a motion to dismiss the order in the state court, which the state court was obligated to grant. *See* TEX. R. CIV. P. 736.11(a), (c). The Medcalfs' claim is thus moot.

Finally, the Medcalfs' fraudulent presentment claims fail. The elements of a fraudulent presentment claim are that the defendant: (1) "made, presented, or used a document with knowledge that it was a fraudulent lien; (2) intended the document to be given legal effect; and (3) intended to cause [the plaintiffs] financial injury." *Walker & Assocs. Surveying, Inc. v. Roberts*, 306 S.W.3d 839, 848 (Tex. App.—Texarkana 2010, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 12.002(a)). The accused documents here, an assignment and an appointment of a substitute trustee, do not fall within the scope of the statute because it only applies to documents which are "fraudulent lien[s] or claim[s] against real or personal property." TEX. CIV. PRAC. & REM. CODE § 12.002(a). The accused documents here are not liens or claims against the property; they merely reflect an assignment of an actual claim and the appointment of a trustee. *See Rojas v. Wells Fargo Bank, N.A.*, No. A-12-CA-996-SS, order at 6 (W.D. Tex. Jan. 25, 2013) (order granting judgment on the pleadings); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 813 (W.D. Tex. 2012); *see also Golden v. Wells Fargo Bank, N.A.*, No. 13-50158, 2014 WL 644549, at *3 n.2 (5th Cir. Feb. 20, 2014) (unpublished)

(recognizing this view as the majority position among federal district courts in Texas). Additionally, the Medcalfs have not pleaded any facts suggesting an intent to injure on the part of the Defendants. The Fifth Circuit recently affirmed the dismissal of a similar claim where the plaintiffs merely alleged the fraudulent documents were used in the foreclosure process. *See Golden*, 2014 WL 644549, at *3.

## Conclusion

The Medcalfs have failed to state any claim for which relief can be granted, and have not shown themselves entitled to any relief in either law or equity. Additionally, because the Medcalfs' claims rest primarily on a legal theory contrary to the Texas Supreme Court's recent decision in *Sims*, leave to amend would be futile.

Accordingly,

IT IS ORDERED that Defendants Ocwen Loan Servicing LLC and OneWest Bank, FSB's Motion to Dismiss [#16] is GRANTED;

IT IS FINALLY ORDERED that all claims brought by Plaintiffs Larry Medcalf and Brenda Medcalf in the above-styled cause are DISMISSED WITH PREJUDICE.

SIGNED this the 16th day of June 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE